# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-51034
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

OSCAR URIAS ESPINOZA, JR., also known as Oscar Urias,
also known as Slowpoke, also known as Okie,
also known as Oscar Urias Espinoza, also known as Oscar U. Espinoza,
also known as Oscar Espinoza,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 4:18-CR-751-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Oscar Espinoza, Jr., appeals his conviction of possession of a firearm by a convicted felon, maintaining that the statute of conviction, 18 U.S.C.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-51034

§ 922(g)(1), is unconstitutional because it exceeds Congress's power under the Commerce Clause. He concedes that the issue is foreclosed by, *inter alia*, *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013), but he wishes to preserve it for further review. The government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed. Alternately, the government requests an extension of time to file its brief.

We have "consistently upheld the constitutionality" of § 922(g)(1), which is "a valid exercise of Congress's authority under the Commerce Clause." *Alcantar*, 733 F.3d at 145. Espinoza's arguments are, as he concedes, foreclosed. *See id.* Because the government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the motion for summary affirmance is GRANTED, the alternative motion for an extension is DENIED, and the judgment is AFFIRMED.